IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

                                    v.

THOMAS ROBERT MURPHY,

                          Defendant.

Case No. 6:19-cr-00530-AA

**OPINION AND ORDER**

AIKEN, District Judge:

This matter comes before the Court on defendant Thomas Robert Murphy's Motion for Release (doc. 86). Defendant requests release pursuant to 18 U.S.C. § 3164 of the Speedy Trial Act ("STA"). Mindful that defendant is proceeding pro se and that his pleadings should be construed liberally, the Court also considers defendant's suitability for release pursuant to the Bail Reform Act ("BRA") 18 U.S.C. § 3142.[1] For the reasons set forth below, defendant's motion is GRANTED.

---

[1] At oral argument, defendant, representing himself pro se, objected to the Court making a release determination under the BRA. He also requested that the Court construe his submissions liberally. Further, as defendant's standby counsel correctly noted, many of defendant's arguments made at the hearing also applied

## BACKGROUND

Since the Court's last hearing in this matter, (doc. 78) the Court issued an opinion and order denying defendant's motion to dismiss. (doc. 89)  On, March 18, 2020, defendant was arrested pursuant to allegations that he violated his term of pretrial release by possessing a controlled substance, marijuana,[2] and removing and destroying his ankle GPS monitor.  At a pretrial release violation hearing, Magistrate Judge Kasubhai found defendant in violation of his conditions of release for using marijuana and that removing his ankle monitor.  (doc. 78)  Magistrate Judge Kasubhai then ordered him detained, (doc. 79) noting that defendant had likely committed a new federal crime in destroying government property and that he unlikely to abide by any release conditions given "his very strong disregard for the process, and his comments about" his supervising pretrial officer. 3/19/2020 Hearing Transcript at 74.

Since that time defendant continues to be held at FCI Sheridan where has had extremely limited access to communication with his standby counsel.  He has filed the present motion and numerous other motions while in custody. (docs. 84, 85, 94, and 96).   The Court held argument on this matter on April 21, 2020 by telephone. Defendant waived his appearance at that hearing.

---

towards the factors considered under the BRA.  As his argument for release based on the STA is without merit, the Court finds that it is appropriate to consider both grounds for release.

[2] At the hearing on this motion, defendant complained that marijuana was legal.  However, he is advised that while marijuana is a legal substance under Oregon state law, marijuana remains a controlled substance under federal law. See 21 U.S.C. §§ 812, 844.

## LEGAL STANDARD

Section 3164 of the STA requires that a in the case of a defendant who is (1) "being held in detention solely because he is awaiting trial" or (2) "released" but "designated by the attorney for the Government as being 'high risk'" trial "shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government." *United States v. Lopez*, 2020 WL 1433158, at *2 (E.D. Cal. Mar. 24, 2020) (citing to 18 U.S.C. § 3164(a)-(c)). Failure to do so shall result in release from custody or "automatic review ... of the conditions of release." *Id*. However, the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id*.

The Court also construes defendant's motion for release as an appeal of Magistrate Judge Kasubhai's order of detention. Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The BRA governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) On a motion for pretrial

detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id*.

## DISCUSSION

I.  *Release Pursuant to 18 U.S.C. § 3164*

Defendant's argument that he is eligible for release under the STA due being held in custody more than 90 days is for forestalled by § 3164(b) which provides that "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." 18 U.S.C. § 3164(b)  The Court has previously addressed defendant's arguments regarding the STA in its previous order denying his motion to dismiss. (doc. 89)  There the Court found that at most 8 days had run on defendant's speedy trial clock and that all other time had been properly excluded under various provisions in 18 U.S.C. § 3164(h).  Because time excluded for competency evaluation, restoration, and under the ends-of-justice exclusion, as well as the waivers made by defendant, apply to this section of the STA, defendant does not qualify for release under this statute. Accordingly, his motion for release on these grounds is denied.

II.  *Release Pursuant to 18 U.S.C. § 3142*

While defendant did violate his conditions of release, the Court is persuaded by the arguments presented by defendant's standby counsel that defendant is amenable to community supervision, specifically living with his mother.

Having reviewed the record, at this time, the Court finds that the government has not shown by clear and convincing evidence that defendant is a danger to community or that he is a flight risk by a preponderance of the evidence. The Court finds defendant's statements credible that he will appear at future hearings given his interest in resolving his case. The Court also makes this decision in consideration of the current 2019 novel coronavirus outbreak.

The defendant shall have certain conditions of release, which will be outlined in a separate order, including but not limited to regular check ins with his pretrial services officer and a curfew. The court may later order GPS monitoring if defendant is non-compliant.

Finally, defendant is admonished that while he is representing himself pro se, he is required to follow all Court orders including the conditions of his release. When the Court held a *Faretta* hearing and allowed defendant to proceed pro se he acknowledged by initialing the following:

> I understand that if I refuse to obey court orders, inject irrelevant matter in the record, or deliberately engage in seriously unreasonable, dilatory, abusive, or obstructionist behavior the Court could revoke my right to self-representation.

Def's Waiver of Counsel ¶ 13. If defendant fails to comply with his conditions of release, he risks not only being detained but also possibly having his pro se representation revoked.

III.    *Miscellaneous Matters*

As noted above, there are several outstanding motions filed be defendant. First, he has filed a motion for subpoenas (doc. 85) seeking to obtain files from the

U.S Marshals Office related to his arrest, detention, and transportation. He also seeks records related to his competency restoration from U.S. Department of Justice. At the April 21 hearing, the AUSA representing government informed the Court that no request for these documents had been made previously but that he would confer with defendant and his standby counsel on the matter prior to the next hearing. Thus, the Court will withhold ruling on this motion, unless the issues are resolved, until the next hearing.

Defendant has also filed a second motion to dismiss, seemingly on grounds of prosecutorial misconduct, in his supplemental response to his previously denied motion to dismiss. (doc. 94) Defendant has also filed what he has styled as a "motion to appeal" the Court's previous order and opinion denying his motion to dismiss on STA grounds. (doc. 95) The Court construes as a motion for reconsideration. Therein, defendant also argues that this case should be dismissed for failure by the government to turn over to discovery. The Court will address these motions after the completion of briefing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 6 – OPINION AND ORDER

## CONCLUSION

For the reasons set forth herein, defendant's motion for release is GRANTED pursuant 18 U.S.C. § 3142. Defendant shall contact the U.S. Pretrial Services Office within 24 hours of release for reporting instructions at 541-431-4076. The Court expects that defendant will comply with his conditions of release and work closely with his standby counsel on all outstanding matters in this case prior to the next hearing.

IT IS SO ORDERED.

Dated this <u>22nd</u> day of April, 2020.

<u>        /s/Ann Aiken        </u>
Ann Aiken
United States District Judge